## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                              **Case No. 05-CR-325**

**MARIA FREGOSO-BONILLA and**
**HERMALINDA VALLE-FREGOSO**
    **Defendants**

### DECISION AND ORDER

Before me are defense requests to review, in camera, the pre-sentence reports ("PSRs") of two government witnesses to determine whether they contain exculpatory or impeachment material and to disclose any such material to the defense. The government does not oppose in camera review.

### I. LEGAL STANDARD

PSRs are presumptively confidential. United States v. Carter, 313 F. Supp. 2d 921, 929-30 (E.D. Wis. 2004) (citing Crim. L.R. 32.2 (E.D. Wis. 2001); United States v. Kelly, 314 F.3d 908, 913 (7th Cir. 2003)). A "criminal defendant has a strong interest in maintaining the confidentiality of his or her presentence report. Sentencing proceedings, and particularly the presentence investigation, often involve a broad-ranging inquiry into a defendant's private life, not limited by traditional rules of evidence." United States v. Corbitt, 879 F.2d 224, 230 (7th Cir. 1989). PSRs also do not qualify as "statements" which must be disclosed under the Jencks Act. United States v. McGee, 408 F.3d 966, 974 (7th Cir. 2005).

However, if a defendant believes that such a report "contains Brady material, he may request that the district court review the report in camera to ascertain whether his suspicions

have merit." United States v. Burke, 425 F.3d 400, 414 (7th Cir. 2005), cert. denied, 126 S. Ct. 2889 (2006); see also United States v. Mitchell, 178 F.3d 904, 908 (7th Cir. 1999). Under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, the defendant is entitled to "disclosure of information in the possession of the government that is favorable to the accused and material to guilt or punishment." Carter, 313 F. Supp. 2d at 923. "This includes the right to disclosure of information concerning the credibility of key government witnesses." Id. (citing Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bastanipour, 41 F.3d 1178, 1181 (7th Cir. 1994)). Thus, "[e]vidence is 'favorable' if it 'is either exculpatory in nature or tends to impeach a prosecution witness.'" Id. at 924 (quoting United States v. Reyes, 270 F.3d 1158, 1167 (7th Cir. 2001)).[1]

## II.  DISCUSSION

The first request in the present case pertains to Sandra Meza de Contreras, a cooperating witness who was previously prosecuted in the District of Utah. The government has provided me with a copy of her PSR from that prosecution. I have reviewed the Contreras PSR and find that it contains no exculpatory or impeachment material. The report contains no mention of defendants or their alleged crimes. Nor does it contain any information that might reasonably tend to cast doubt on Contreras's credibility. Therefore, no portion of the report will be disclosed.

The second request pertains to Armando Cervantes, who is currently awaiting

---

[1]Because I cannot, prior to trial, meaningfully evaluate materiality, in ruling on requests like these I focus on whether the evidence is favorable under Brady. Carter, 313 F. Supp. 2d at 924-25 (citing United States v. Peitz, No. 01-CR-852, 2002 U.S. Dist. LEXIS 2338, at *7-8 (N.D. Ill. Feb. 13, 2002); United States v. Sudikoff, 36 F. Supp. 2d 1196, 1198 (C.D. Cal. 1999)).

2

sentencing in this court following his guilty pleas to conducting an unlicensed money transmitting business and false use of a social security number. His report also does not contain any discussion of defendants or their alleged crimes, much less information that is exculpatory. However, the report does in ¶ 62 contain information concerning a benefit he apparently received based on his cooperation, which appears to constitute impeachment material. See, e.g., Wisehart v. Davis, 408 F.3d 321, 323-34 (7th Cir. 2006) (explaining how benefits provided by the government to cooperating witnesses may be used for impeachment purposes); United States v. Delatorre, 438 F. Supp. 2d 892, 901 (N.D. Ill. 2006) (stating that "Brady material may include . . . impeaching information such as . . . benefits accorded to cooperating persons"). Therefore, it appears that this portion of the report should be disclosed to the defense for use as impeachment material. However, before disclosing this paragraph, I will permit the government and Cervantes to respond. The request for disclosure of the Cervantes' PSR must otherwise be denied.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the requests for in camera review of the Contreras and Cervantes PSRs are **GRANTED**, and the requests for disclosure of such reports are **DENIED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that the government and Cervantes respond to possible disclosure of ¶ 62 on or before **April 24, 2007**.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3

Case 2:05-cr-00325-LA   Filed 04/10/07   Page 3 of 3   Document 105