# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.                Case No. 05-CR-325

**MARIA FREGOSO-BONILLA and**
**HERMALINDA VALLE-FREGOSO**
   **Defendants.**

## DECISION AND ORDER

   The government charged defendants Maria Fregoso-Bonilla ("Fregoso-Bonilla") and Hermalinda Valle-Fregoso ("Valle-Fregoso") in a single indictment with operating an unlicensed money transmitting business, contrary to 18 U.S.C. § 1960.[1] The government now moves pursuant to Fed. R. Crim. P. 14 to sever the trials of the two defendants based on a potential Bruton problem.[2] Specifically, the government indicates that it wants to use against defendant Fregoso-Bonilla a statement provided by defendant Valle-Fregoso pursuant to a proffer agreement, in which Valle-Fregoso allegedly inculpated Fregoso-Bonilla. The government wants to try Valle-Fregoso first, then call her as a witness against Fregoso-Bonilla in a second trial. At the second trial, the government then wishes to use Valle-Fregoso's proffer statement,

---

[1] The government has also charged Valle-Fregoso with false use of a social security number, contrary to 42 U.S.C. § 408(a)(7)(B), and Fregoso-Bonilla with harboring an illegal alien, contrary to 8 U.S.C. § 1324(a)(1)(A), in the same (second superseding) indictment. The propriety of joinder of these charges has not been raised.

[2] See Bruton v. United States, 391 U.S. 123 (1968) (holding that the Sixth Amendment forbids the admission of a non-testifying co-defendant's confession that inculpates the defendant).

which it admits is hearsay, for impeachment purposes if necessary.[3]

Defendants oppose the motion. They indicate that their intent for the entirety of these proceedings has been to conduct a joint trial and mount a joint defense. They further indicate that the government's motion, coming about eighteen months after indictment and long after the deadline for filing motions, is untimely. Fregoso-Bonilla also notes that Valle-Fregoso's statement has not been provided to the court pursuant to Fed. R. Crim. P. 14(b), and Valle-Fregoso accuses the government of breaching its proffer agreement with her in using her statement as a basis for the motion to sever.

## I. STANDARD FOR SEVERANCE

Under Fed. R. Crim. P. 8(b), two or more defendants may be charged in a single indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. No one disputes that Fregoso-Bonilla and Valle-Fregoso are properly charged together with a joint violation of § 1960.[4]

However, Rule 14 allows the court to sever defendants properly joined under Rule 8. Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Although it is almost always a defendant who moves

---

[3]The government acknowledges that Valle-Fregoso likely still could choose to exercise her Fifth Amendment right if asked about her own involvement in the § 1960 count at the second trial.

[4]Again, no one has challenged the joinder of the other two counts under Rule 8(a) or 8(b).

2

for severance, Rule 14 also permits the government to seek relief if joinder results in prejudice. 1-614 Moore's Federal Practice – Criminal Procedure § 614.07 (2007).

Whether to grant severance is a matter entrusted to the sound discretion of the district court. United States v. Souffront, 338 F.3d 809, 828 (7th Cir. 2003). However, it is well settled that there is a "strong public interest in having persons jointly indicted tried together." United States v. Studley, 892 F.2d 518, 523 (7th Cir. 1989); see also United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987) ("There is a strong interest in joint trials of those who engaged in a common enterprise."). This is so for several reasons:

> Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime. The joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.

Buljubasic, 808 F.2d at 1263. Thus, a party seeking severance must demonstrate specific prejudice resulting from a joint trial. United States v. Souffront, 338 F.3d 809, 831 (7th Cir. 2003). When the government seeks relief under Rule 14, courts have ordered severance when (1) the government intends to call some defendants as witnesses against other defendants, requiring that the witness-defendants be tried first, (2) delay has resulted or will result from joinder of the defendants, and (3) admissions by one defendant will pose Bruton problems with respect to other defendants. 1-614 Moore's Federal Practice – Criminal Procedure § 614.07 (2007).[5]

---

[5]Moore's suggests that courts have typically applied a different and more lenient standard to severance motions brought by the government, noting in this regard that the government could have framed separate indictments in the first place. However, an argument can be made that because the government controls the initial charging decision – and thus may

3

## II. DISCUSSION

The government bases its motion on a potential Bruton problem, but this case does not present the typical Bruton scenario. Ordinarily, a Bruton problem arises when defendant A confesses to the crime and in so doing inculpates defendant B. The government then seeks to introduce defendant A's confession at a joint trial, but because defendant A cannot be compelled to testify, defendant B is unable to cross-examine defendant A as to his inculpatory statements about defendant B, violating defendant B's rights under the Confrontation Clause. See United States v. Banks, 78 F.3d 1190, 1199 (7th Cir. 1996) ("A defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant."), vacated on other grounds by Mills v. United States, 519 U.S. 990 (1996). In order to allow the government to use defendant A's statement against him, as it may under Fed. R. Evid. 801(d)(2), the court must craft a remedy to protect defendant B's confrontation rights. Ordinarily, this involves either (1) severing the trials of defendants A and B, or (2) redacting all references to defendant B from the statement and allowing its admission against defendant A (only) in a joint trial. See generally Gray v. Maryland, 523 U.S. 185 (1998); Richardson v Marsh, 481 U.S. 200 (1987).

In the present case, the government does not seek to introduce against Valle-Fregoso

---

control the order in which the defendants are tried – it should have to live with its original decision to indict the defendants together. Cf. United States v. Grullon, 482 F. Supp. 429, 431 (E.D. Pa. 1979) (discussing this theory). The Seventh Circuit has not suggested a different standard under Rule 14 based on the identity of the movant, and I need not address the issue here. Under any standard, the government has not in the present case demonstrated prejudice sufficient to overcome the strong public interest in a joint trial.

4

Case 2:05-cr-00325-LA   Filed 07/11/07   Page 4 of 8   Document 128

any confession she gave to law enforcement.⁶  Rather, it indicates that Valle-Fregoso made a statement pursuant to a proffer agreement, in which she inculpated Fregoso-Bonilla (and presumably herself, as well).  Pursuant to the terms of the proffer agreement, the government is forbidden to use any information Valle-Fregoso provided during her debriefing directly against her in any criminal proceeding.  Thus, the government may not use Valle-Fregoso's debriefing statements against her at a joint <u>or</u> severed trial.  Instead, what the government wants to do is utilize Valle-Fregoso's statement against Fregoso-Bonilla.

This is an insufficient basis for severance.  First, the government would not, via severance, obtain the usual benefit in a <u>Bruton</u> situation, i.e., the ability to use Valle-Fregoso's un-redacted statement against her.  As noted, the proffer agreement forbids such use.

Second, it does not appear that the government could use Valle-Fregoso's prior statement against Fregoso-Bonilla either, at least not in a manner that would significantly strengthen its case against Fregoso-Bonilla.  The government agrees that Valle-Fregoso's statement would, at Fregoso-Bonilla's trial, constitute hearsay.  The government does not claim and there is nothing in the record to suggest that the statement may be used against Fregoso-Bonilla as substantive evidence under Fed. R. Evid. 801(d)(1) or any other evidentiary provision.  The government states that it intends to call Valle-Fregoso and use her proffer statement in its examination of her at Fregoso-Bonilla's trial.  Rule 801(d)(1) provides that certain prior statements by witnesses are not hearsay and may be admitted as substantive evidence.  <u>See generally</u> <u>United States v. Kaquatosh</u>, 242 F. Supp. 2d 562, 562-64 (E.D. Wis.

---

⁶Valle-Fregoso apparently did provide a confession to law enforcement at the time of her arrest, but the government has conceded that such confession may not be used against her in its case-in-chief based on a <u>Miranda</u> violation.  (<u>See</u> Sept. 7, 2006 Decision & Order [R. 78] at 2, 25.)

5

2003) (discussing Rule 801(d)(1)).  However, this Rule is limited to (A) prior inconsistent statements made under oath at a trial, hearing or deposition, (B) prior consistent statements offered to rebut an express or implied charge of recent fabrication or improper influence or motive, or (C) prior statements of identification of a person made after perceiving the person. Fed. R. Evid. 801(d)(1).  The government does not suggest that Valle-Fregoso's proffer statement was made under oath, and it does not appear that either of the other two exceptions in Rule 801(d)(1) apply.

The government states that it will instead use Valle-Fregoso's proffer statement as impeachment material.[7]  Fed. R. Evid. 613 allows a party to impeach a witness with her prior inconsistent statements.  However, such statements are admissible only to impeach the credibility of the witness; they do not constitute substantive evidence.  See, e.g., Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2001) ("Prior inconsistent statements are generally admissible for impeachment purposes only, see Fed. R. Evid. 613, and are inadmissible hearsay for substantive purposes unless they were made at 'a trial, hearing, or other proceeding, or in a deposition.'") (quoting Fed. R. Evid. 801(d)(1)(A)); United States v. Dietrich, 854 F.2d 1056, 1061 (7th Cir. 1988) (holding that a prior inconsistent statement that does not meet one of the criteria of Rule 801(d)(1)(A) may not be used as substantive evidence but "only for the purpose of impeaching the witness"); United States v. Palacios, 556 F.2d 1359, 1363 (5th Cir. 1977) (stating that while prior inconsistent statements may be used to impeach a witness, "prior unsworn inconsistent statements are hearsay and generally should not be

---

[7]The government seems to believe that Valle-Fregoso will not willingly inculpate Fregoso-Bonilla on the stand.  It is unclear why Valle-Fregoso debriefed then refused to cooperate further, but that is a matter for the parties not the court.

6

considered by the jury as direct evidence of guilt"); see also United States v. Patterson, 23 F.3d 1239, 1245 (7th Cir. 1994) (citing United States v. Webster, 734 F.2d 1191, 1192 (7th Cir. 1984)) (stating that the government may not call a witness that it knows will not give it useful evidence, just so it can introduce hearsay evidence against the defendant in the hope that the jury will miss the subtle distinction between impeachment and substantive evidence); United States v. Kane, 944 F.2d 1406, 1411 (7th Cir. 1991) ("Impeachment of one's own witness cannot be permitted where employed as a mere subterfuge to present to the jury evidence not otherwise admissible.").

Thus, it is difficult to see how the government would obtain a substantial benefit from severance. The statement at issue would remain inadmissible against Valle-Fregoso at her trial, and it could not be used as substantive evidence against Fregoso-Bonilla at her's.[8] Against this minimal benefit I must balance the strong public interest in a joint trial. The parties have advised me that this case is likely to take about four days to try, and the government will be producing witnesses from as far away as Utah. It appears that the § 1960 count will take up the bulk of the trial. The court has an interest in allocating its time wisely and in not spending two weeks on a trial that could be completed in one. The out of state witnesses have an interest in not being twice dragged across the country to testify. The jury has an interest in

---

[8]It could perhaps be argued that severance would give the government an unfair advantage in this case, allowing it to use a statement it could not otherwise use against anyone, unlike in the typical Bruton situation where enforcement of the rights of one defendant would forbid the government to use otherwise admissible evidence against a second defendant. The government relies on Bruton in its motion, but I note that courts have at times granted severance to permit the government to call one defendant against another. See 1-614 Moore's Federal Practice – Criminal Procedure § 614.07 n.6 (2007) (collecting cases). However, the court need not grant severance whenever the government wishes to call a co-defendant, and for the reasons stated in the text, allowing such in the present case would be contrary to the public interest.

7

hearing all of the evidence as to both defendants alleged to have played a role in operating the money transmitting business. The public has an interest in obtaining a just outcome, whatever that might be, and which is most likely to be achieved in a joint trial. Finally, the defendants have an interest in continuing the joint defense it appears they have contemplated for over a year and a half.[9] The fact that the government's motion comes so late in the case can only aggravate the potential prejudice to defendants' trial strategy. In sum, the government has not demonstrated prejudice sufficient to overcome the strong public interest in a joint trial.[10]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion for severance (R. 118) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[9] I also note that this trial has been adjourned several times already, at the behest of both sides. Severing the trials would only cause further delay.

[10] Because I resolve the motion on this basis I find it unnecessary to review the contents of Valle-Fregoso's proffer statement or the proffer agreement.

8