# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                 **Case No. 05-CR-325**

**MARIA FREGOSO-BONILLA and**
**HERMALINDA VALLE-FREGOSO**
    **Defendants.**

## DECISION AND ORDER

Defendant Maria Fregoso-Bonilla ("Fregoso-Bonilla") moves to dismiss the second superseding indictment based on prosecutorial vindictiveness. She claims that the government filed an additional count against her in retaliation for her spurring the government's plea offer to the original charge and electing to go to trial. The motion lacks merit and must be denied.

### I. BACKGROUND

On December 20, 2005, the government indicted Fregoso-Bonilla and co-defendant Hermalinda Valle-Fregoso on a charge of conducting an unlicensed money transmitting business, contrary to 18 U.S.C. § 1960(a) & 1960(b)(1)(A). On April 25, 2006, the government obtained a superseding indictment, amending the money transmitting charge to also allege a violation of § 1960(b)(1)(B).[1]

Following a motions period, I set the case for trial on November 20, 2006, which I later adjourned to January 24, 2007, on the government's unopposed request. I again adjourned

---

[1] Section 1960(b)(1)(A) pertains to businesses not licensed according to state law, and § 1960(b)(1)(B) to businesses not licensed as required by federal law.

the trial to March 14, 2007, based on the unavailability of a government witness. I adjourned the trial yet again to June 11, 2007 (later changed to June 25, 2007), this time on Fregoso-Bonilla's request.

On June 12, 2007, the government obtained a second superseding indictment, adding a charge of harboring an illegal alien contrary to 8 U.S.C. § 1324(a)(1)(A) against Fregoso-Bonilla, as well as adding Fregoso-Bonilla's house to the forfeiture notice of the indictment.[2] Both defendants moved to adjourn the June 25 trial, and I granted their request, setting a new trial date of September 5, 2007.

In the instant motion, Fregoso-Bonilla argues that the government added the harboring count out of vindictiveness when she elected to exercise her right to go to trial on the money transmitting charge. Her lawyer states that he met with the prosecutor on June 4, 2007, to discuss discovery issues, and the prosecutor indicated that he was considering filing a harboring charge, especially if Fregoso-Bonilla intended to proceed to trial. Counsel met with Fregoso-Bonilla on June 11 and subsequently advised the prosecutor that Fregoso-Bonilla still intended to proceed to trial. The government obtained the superseding indictment adding the harboring charge the next day.

Fregoso-Bonilla states that the alleged harboring occurred from September to December 2005, and thus was based on facts known to the government since the case began. She further states that under immigration law a money transmitting conviction would not require her removal from the United States, but a harboring conviction would.[3] She argues that the

---

[2]The original indictment sought forfeiture of $1860 in cash seized from the house.

[3]Fregoso-Bonilla states that she is a lawful permanent resident of the United States, but not a citizen.

2

additional charge was added out of vindictiveness after she decided to proceed to trial, and that this charging decision demonstrates that the government will stop at nothing to obtain a conviction which will result in her removal from the United States, as well as the possible loss of her house. She asks me to dismiss the second superseding indictment or in the alternative grant an evidentiary hearing to explore the prosecutor's motives.

## II. DISCUSSION

### A. Applicable Legal Standards

The government retains broad discretion in determining whom it prosecutes and when it decides to prosecute. So long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Jarrett v. United States, 822 F.2d 1438, 1443 (7th Cir. 1987).

Nevertheless, the Constitution does impose some limits on prosecutorial discretion. For example, a prosecutor may not pursue charges "in retaliation for the exercise of a protected statutory or constitutional right." United States v. Monsoor, 77 F.3d 1031, 1034 (7th Cir. 1996). In order to establish such a claim of prosecutorial vindictiveness, the defendant must demonstrate that (1) the prosecutor harbored genuine animus and (2) absent this motive, the defendant would not have been prosecuted. Id. In order to obtain a hearing on such a claim, the defendant must offer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment. United States v. Benson, 941 F.2d 598, 611 (7th Cir. 1991).

In some circumstances, such as where the defendant succeeds in obtaining a reversal

3

on appeal and the government then brings more serious charges against her on remand, the court may presume vindictiveness. See United States v. Goodwin, 457 U.S. 368, 376 (1982). However, this presumption does not extend to pre-trial prosecutorial decisions. United States v. Spears, 159 F.3d 1081, 1086 (7th Cir. 1998). Rather, for a defendant to prove vindictiveness on the part of the government for its pre-trial decision to seek an indictment, she "must present objective evidence showing genuine prosecutorial vindictiveness." Id.

**B. Analysis**

Fregoso-Bonilla states that her "entire argument for dismissal rests on one essential point and that is [she] is now charged with . . . harboring an illegal alien . . . simply because she has remained steadfast in her proclamation of innocence and her decision to take this entire case to trial." (Def.'s Mot. [R. 129] at 10.) However, courts have long held that the addition of charges after a defendant declines to plead guilty creates no inference of vindictiveness. See, e.g., Goodwin, 457 U.S. at 380-81 (finding no presumption of vindictiveness based on a pre-trial decision to modify the charges); Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (upholding a prosecutor's right to make good on a threat made during plea negotiations to seek additional charges if the defendant refused to plead); Williams v. Bartow, 481 F.3d 492, 504 (7th Cir. 2007) (rejecting habeas claim based on the addition of charges after the defendant refused to plead); United States v. DeJohn, 368 F.3d 533, 545 (6th Cir. 2004) ("This circuit has consistently indicated that when the right asserted by the defendant is simply the right to go to trial, an additional charge entered after a failed plea bargain cannot, after Hayes, form the substance of a viable vindictive prosecution claim."); United States v. VanDoren, 182 F.3d 1077, 1082 (9th Cir. 1999) (stating that prosecutors may during plea negotiations threaten additional charges, and that the filing of additional charges after a defendant refuses to plead

4

guilty does not raise a presumption of vindictiveness); United States v. Yarbough, 55 F.3d 280, 283 (7th Cir. 1995) (finding no presumption of vindictiveness where the prosecutor added more charges after the defendant withdrew his plea to the original charges);[4] United States v. Williams, 47 F.3d 658, 662-63 (4th Cir. 1995) ("Thus, a court should not presume vindictiveness where a prosecutor decides to bring more severe charges against a defendant who has refused to cooperate, even if the prosecutor is carrying out a threat made in plea negotiations."). Thus, Fregoso-Bonilla cannot prevail based solely on the government's filing of the harboring charge after she declined to plead guilty.

Fregoso-Bonilla notes that the government failed to indict her on the harboring count immediately upon learning of the facts pertinent to that charge, but that too is insufficient in the absence of any prejudice from the delay. See Spears, 159 F.3d at 1084-85 (rejecting claim of prosecutorial delay). Finally, defendant cannot show vindictiveness simply because the new charges carry more significant consequences. See Goodwin, 457 U.S. at 380 ("For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and

---

[4] Fregoso-Bonilla attempts to distinguish Yarborough because in that case the defendant pled guilty to the original charges, withdrew his plea, and then the government added charges. I fail to see how this distinction strengthens Fregoso-Bonilla's position. As Yarborough noted, the Supreme Court has approved the precise practice about which she complains – the filing of more serious charges after the defendant refuses to plead to lesser charges. Id. at 282-83 (citing Goodwin, 457 U.S. at 381-83; Bordenkircher, 434 U.S. at 364-65). Yarborough extended the Goodwin/Bordenkircher rule to a plea withdrawal situation. Fregoso-Bonilla also argues that unlike in United States v. Falcon, 347 F.3d 1000 (7th Cir. 2003), another case relied upon by the government in its response, she is exercising her constitutional right to trial, not a mere procedural right. Again, Fregoso-Bonilla fails to grapple with the holdings in Goodwin and Bordenkircher. Fregoso-Bonilla cites the dissent in Falcon, which opined that the defendant should have been granted a hearing on his prosecutorial vindictiveness claim. However, the case for a hearing in Falcon was much stronger; there, the prosecutor added charges shortly after the defense sought sanctions against him. No similar, personal motive on the part of the prosecutor appears in the record in the present case.

5

expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.").[5]

Fregoso-Bonilla presents no evidence of genuine animus of the part to the prosecutor.[6] Instead, she asks for a hearing to probe the prosecutor's motives. But such a hearing may not be granted absent evidence creating a reasonable doubt that the government acted properly. No such evidence having been presented, the request for a hearing must be denied.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant Fregoso-Bonilla's motion to dismiss (R. 129) is **DENIED**.

**IT IS FURTHER ORDERED** that Valle-Fregoso's motion to adopt and join Fregoso-Bonilla's motion to dismiss (R. 135) is **DENIED** as moot.[7]

Dated at Milwaukee, Wisconsin, this 6th day of August, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[5] Defendant cites no authority for the proposition that the added immigration consequences or the possible forfeiture of her home change the analysis. Nor does she cite any authority for the proposition that the prosecutor was required to provide her with more details prior to filing the new charge.

[6] Fregoso-Bonilla notes that the lawyers have sparred over discovery issues in this case, but having largely denied defendants' discovery motions I see no evidence that the government acted inappropriately in that regard. I also see nothing improper in the government's (unsuccessful) attempt to sever the two defendants for trial. I cannot assume vindictiveness from the government's vigorous prosecution of a case.

[7] Valle-Fregoso does not explain how the prosecutor's alleged vindictiveness against Fregoso-Bonilla could enure to her benefit. Thus, her motion fails for that reason as well.

6