# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 05-CR-325**

**MARIA FREGOSO-BONILLA and**
**HERMALINDA VALLE-FREGOSO**
   **Defendants.**

## DECISION AND ORDER

Defendant Maria Fregoso-Bonilla requests that I review in camera and order disclosure of the government's sealed downward departure motion and supporting memorandum in United States v. Cervantes, No. 05-CR-40, a case also assigned to me. Armando Cervantes cooperated with the government in the investigation of the present case, as well as on other matters. Based on his substantial assistance, I granted the government's motion and departed downward by 8 levels in sentencing Cervantes. United States v. Cervantes, No. 05-CR-40, slip op. at 2-4 (E.D. Wis. May 30, 2007) (sentencing memorandum opinion). The government opposes disclosure of the motion and the memorandum, arguing that they add no relevant impeachment material to the discovery already provided.

**I.**

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." In Giglio v. United States, 405 U.S. 150, 154 (1972), the Court extended Brady to include information concerning

the reliability of key government witnesses. Thus, under Brady and Giglio, the government must disclose evidence that may be used for impeachment purposes, including evidence of government favors in exchange for cooperation by a witness. See, e.g., Braun v. Powell, 227 F.3d 908, 920 (7th Cir. 2000); United States v. Boyd, 55 F.3d 239, 244 (7th Cir. 1995).

**II.**

Cervantes received sentencing consideration based on his cooperation in various government investigations, including in the present case. The departure motion sets forth the consideration recommended by the government based on his assistance. Thus, the departure motion reasonably constitutes impeachment material and must be disclosed.

The memorandum supporting the motion contains detailed information on the nature and extent of Cervantes's cooperation in this and other matters, some of which appear to be continuing. Disclosure of the details of those other matters may impede ongoing government investigations. Cf. United States v. Brinkman, 739 F.2d 977, 981 (4th Cir. 1984) (affirming denial of disclosure where the informant was involved in ongoing investigations). Further, for purposes of impeaching his credibility, it is the fact that Cervantes received a benefit from the government in exchange for his cooperation that matters; the details of his work on other unrelated, cases would not assist in impeaching his credibility. Therefore, I will direct disclosure only of that portion of the memorandum which pertains to this case, i.e. section III. on page three.[1]

As noted above, the government resists disclosure, arguing that these documents are cumulative of other impeachment material defendant has already been provided. But that is

---

[1] I have reviewed the entire memorandum and conclude that the details of Cervantes's work on other cases would provide no source of impeachment material.

2

an issue of materiality, see, e.g., United States v. Fallon, 348 F.3d 248, 252 (7th Cir. 2003) (denying a Brady claim because the impeachment "evidence was merely cumulative . . . and therefore was not material"), not of disclosure. Under Brady, "the prosecution has a duty to disclose material even if it may seem redundant. Redundancy may be factored into the materiality analysis, but it does not excuse disclosure obligations." Monroe v. Angelone, 323 F.3d 286, 301 (4th Cir. 2003). Further, the materiality standard assumes that the trial has already occurred, thus permitting the court to evaluate whether the withheld evidence might have changed the result. In deciding whether evidence should be disclosed prior to trial the standard is simply whether the evidence is favorable to the accused, with any doubts resolved in favor of disclosure. United States v. Carter, 313 F. Supp. 2d 921, 924-25 (E.D. Wis. 2004).

**III.**

**THEREFORE, IT IS ORDERED** that the government disclose to defendants the motion for downward departure and section III. on page three of the supporting memorandum in United States v. Cervantes.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3